## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| TIMOTHY ERIC TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CV-415 SPM |
| | ) |
| ST. CHARLES COUNTY DEPT. | ) |
| OF CORR., et. al., | ) |
| | ) |
| Defendants. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Timothy Eric Taylor, an inmate at Fulton Reception, Diagnostic and Correctional Center (FRDCC), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court will order plaintiff to file an amended complaint on a court-provided form within twenty-one (21) days of the date of this Memorandum and Order.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has failed to submit a *certified* prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## 28 U.S.C. § 1915(e)

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

On April 8, 2021, plaintiff Timothy Eric Taylor, an inmate at Fulton Reception, Diagnostic and Correctional Center (FRDCC), filed this action pursuant to 42 U.S.C. § 1983 against the following defendants: the St. Charles County Department of Corrections[1]; Lieutenant Unknown McKee; and Nurse Shandi Unknown. Plaintiff sues defendants in their individual and official capacities.[2]

---

[1] Defendant St. Charles County Department of Corrections is subject to dismissal as it is a subdivision of a local government and not a juridical entity, suable as such. *See Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (affirming dismissal of West Memphis Police Department and West Memphis Paramedic Services because they were "not juridical entities suable as such"); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (stating that "county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, F. App'x 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

[2] Plaintiff's official capacity claims are also subject to dismissal. An official capacity claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999); *see also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.,* 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"). To prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly,* 813 F.3d at 1075. Plaintiff has not alleged St. Charles County's liability for the alleged conduct in this action.

Plaintiff alleges that he was held at the St Charles County Jail during an unnamed time. He asserts that during his time there he was exposed to the Covid-19 virus when he was locked in a wing with forty-four (44) other inmates for a period of ninety (90) days during a quarantine period. Plaintiff states that during this time he had four negative test results, but he eventually did contract the Covid-19 virus, after which time he was moved "to a different wing."

Plaintiff states:

> During the 90 days I was repeatedly exposed I was not allowed to go to court or allowed to visit with my attorney (who tried repeatedly to come see me). I wasn't allowed to change or have my laundry done for sometimes 14 to 15 days at a time. Upon catching the Covid-19 virus I was quarantined to my cell for 14 days. I didn't receive any medical attention. I was basically thrown in a cell and allowed to let the virus take its course. I didn't see a Dr. or get examined by anyone to confirm my physical well-being. My court-dates were postponed.

Plaintiff seeks monetary damages in this action. He states that after catching the virus, he had a fever, trouble breathing for a time, had no energy, migraines, and lost his sense of smell and taste while he was ill.

## Discussion

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Luckert v. Dodge Cty.,* 684 F.3d 808, 817 (8th Cir. 2012). To survive initial review, plaintiff must plead facts sufficient to state a plausible claim for deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle,* 429 U.S. at 106. To adequately plead deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants knew of, but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner,* 663 F.3d 336, 342 (8th Cir. 2011) (quoted case omitted). Deliberate indifference may be demonstrated by prison officials who intentionally deny or delay access to medical care. *Estelle,* 429 U.S. at 104-05. When a delay in treatment is alleged to have violated an inmate's constitutional rights, the objective severity of the deprivation should also be measured by reference to the effect of the delay in treatment. *Jackson v. Riebold,* 815 F.3d 1114, 1120 (8th Cir. 2016) (citing *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005)).

After reviewing plaintiff's allegations as currently written, he has not properly alleged that a specific defendant was deliberately indifferent to his purported serious medical needs. He has indicated that he was quarantined during the Covid-19 pandemic with his housing section at St. Charles County Detention Center as a result of an exposure to the Covid-19 virus. He does not indicate, however, which defendant was responsible for placing him in quarantine, or why he believes it was unconstitutional to be placed in quarantine in his housing section after the section was exposed to the Covid-19 virus.

This Court has repeatedly held that the placement of inmates in quarantine during a pandemic does not, by itself, set forth a constitutional deprivation. *Garner v. Keen,* No. 4:20-CV-1690-RWS, 2021 WL 1923507, *5 (E.D. Mo. May 13, 2021) (dismissing complaint on initial review where inmate complained about quarantine measures but had not contracted virus); *Miley v. ERDCC*, No. 4:21-CV-163-RLW, 2021 WL 1906490, *3 (E.D. Mo. May 12, 2021) (dismissing complaint on initial review where inmate alleged conclusory allegations regarding exposure to COVID-19); *Burgess v. Precythe*, No. 4:20-CV-1455-MTS, 2020 WL 7353703, *5 (E.D. Mo. Dec. 15, 2020) (allowing inmate to file amended complaint to cure deficiencies in alleging Eighth Amendment violations arising out of COVID-19 exposure in prison).

Nonetheless, the Court will allow plaintiff twenty-one (21) days to amend his complaint. Plaintiff must state specifically, and not in generalities, the essence of his claim, and he must enunciate which of the defendants violated his rights or failed to act when he sought assistance for his medical care. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

### Instructions for Filing an Amended Complaint

In consideration of plaintiff's self-represented status, the Court will allow him to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). **Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him**. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. **In separate, numbered paragraphs under that name, plaintiff should set forth a short**

- 6 -

**and plain statement of the facts that support his claim or claims against that defendant.** *See* Fed. R. Civ. P. 8(a).  **Each averment must be simple, concise, and direct.** *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).  **If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.**  *See* Fed. R. Civ. P. 20(a)(2).

**It is important that plaintiff allege facts explaining how each defendant was personally involved in or directly responsible for harming him**. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").  Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff must not try to amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

**Plaintiff's Motion for Appointment of Counsel**

There is no constitutional or statutory right to appointed counsel in civil cases.  *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984).  In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff

will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case are complex.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within twenty-one (21) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED at this time.**

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 27th day of October, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE